McKinney, J.
delivered the opinion of the court.
This is an action of debt brought by the defendant in error, against the plaintiff in error and Thomas M. Pryor, who were partners in the mercantile business,- trading under the name and style of T. M. Pryor & Co., on a promissory note of $350, executed to him by said Pryor, in the name of said firm. A nolleprosequi was entered as to the defendant Pryor. Hutchins filed two pleas, first, nil debet; and second, that he did not execute said note, nor did he authorise the execution thereof. The issues were found in favor of the plaintiff in the court below, and judgment rendered against the defendant, from which he appealed in error to this court.
From the bill of exceptions it appears, that on the 14th day of June, 1844, T. M. Pryor, without the knowledge or consent of his partner, Hutchins, borrowed from the defendant in error, $350, for which the note sued on in this action was executed *416 by said Pryor, in the name of the firm. The defendant in error, in his answer to a bill of discovery filed against him during the progress of the case in the circuit court, states, that the terms of the contract between him and Pryor were, he was to let Pryor have $350, for which he was to execute a nofe in the partnership name; that he was to receive interest at the rate of eight per cent, from the date of the note until it became due; that the interest was to be paid in advance, and was deducted from the amount thereof loaned, leaving $322, which was the sum actually received by said Pryor. The proof shows that the plaintiff in error had no participation in this transaction, that it was without his knowledge, and that he did not assent to it.
His Honor, the circuit judge, instructed the jury, “that if Pryor & Hutchins were partners in trade, and Pryor, to raise funds to carry on the business of the firm, borrowed money from'Turner upon the credit of the firm at usurious interest, and to secure the payment of it executed a note to him in the name of the firm, including both the amount of money advanced and the usurious interest, that, under such a state of facts, the note would not be, as to Hutchins, entirely void: that it would.be good and binding upon him to the extent of the actual amount of money advanced, and interest thereon at the pate of six per cent.; and to that extent Turner would be entitled to a recovery.”
It is insisted on behalf of the plaintiff in error, that this charge is erroneous, and so we think. A contract for usurious interest is illegal at common law, and equally so by the law of this state. In the case of Isler vs. Brunson, where the usury appeared on the face of the note, it was held by this court, “that if a party plaintiff’ brings into court, either of law or equity, an illegal contract that it may be enforced, and this illegality be shown and set forth by himself, and not disclosed by plea or allegation from the defendant, it is the duty of *417 either court on grounds of public policy to repel the plaintiff and refuse its action in his behalf,” 6 Hump. 277. But where the usury'does not appear on the face of the contract, and the debtor is forced to seek relief in a court of equity, or to avail himself of the equitable remedy provided at law by the act of 1845, he is held liable to pay the amount of money actually advanced to him, with legal interest thereon. Still, the contract is no less illegal than before the passage of the act, which, in express terms,' subjects the party taking more than six per cent, interest, to a criminal prosecution by indictment or presentment. The question then is presented, can one partner bind the firm by a usurious or illegal contract, made without i the knowledge or assent of the other partner? We think not. J It is unquestionably true, that each partner has authority to'V bind the firm by all lawful contracts or engagements within the scope of the partnership. But this authority, says Mr. Story, “can be exercised only in cases falling within the ordinary business and transactions of the firm, where the other party has no knowledge or notice, that the partner is acting in violation of his duties and obligations to the firm, or for purposes disapproved of by the firm, or in fraud of the rights thereof.” Story on Part. sec. 110.
The liability of a partner, arising out of this implied assent and undertaking to be responsible for the acts of his co-partner on behalf of the firm in the ordinary business and transactions thereof, cannot be held to extend to illegal contracts. This would be absurd. An agency or authority to a partner to violate the provisions of a public statute, cannot be implied; nor can it be implied that such illegal act is within the scope of the partnership, which could only exist for lawful purposes.
The other party, or creditor, is presumed to have known that he was violating the law; he will also be presumed to have known that the partner entering into such usurious contracts, *418 without the knowledge of the other partner, was acting without the scope of his legitimate authority, in violation of his duties and obligations to the firm, and in fraud of its rights. To bind the firm in such case, there must be olear and satisfactory evidence that the other partner had knowledge of, and expressly assented to the usurious contract. To hold otherwise, would, in our opinion, be subversive of all sound- principle and policy.
In the record before us, there is no evidence that Hutchins, the plaintiff in error, had knowledge of, or ever assented to the agreement entered into by Pryor with the defendant in error, as to the making of the note sued on; the contrary clearly appears» We are, therefore, of opinion, that the note sued on was not binding on the plaintiff in error, and that no recovery can be had against him thereon.
The judgment of the circuit court will be reversed, and. the-case be remanded for a new trial.